

# NUMBER 13-25-00010-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ADRIAN TOVAR-MARTINEZ,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Memorandum Opinion by Justice Fonseca**

Following a bench trial, the trial court found appellant Adrian Tovar-Martinez guilty of two counts of aggravated sexual assault (Counts One and Two) and of one count of obstruction or retaliation (Count Three). *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(A); 36.06(a)(1)(B). On January 7, 2025, the trial court sentenced him to life imprisonment for Counts One and Two and ten years' imprisonment for Count Three, and ordered the

sentences to run concurrently with credit for time served. *See id*. §§ 12.32(A); 12.34; 22.021(e); 36.06(c).

On January 8, 2025, appellant filed a notice of appeal. Appellant's court-appointed appellate counsel has filed a brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm as modified.

## I. ANDERS BRIEF

Counsel states in his brief that he has diligently reviewed the entire record and that no non-frivolous basis for appeal exists. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response,[1] to review the record prior to filing that response, and to seek discretionary

---

[1] An appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered; [r]ather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. In this case, appellant did not file a motion seeking pro se access to the appellate record and did not file a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its

3

accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this memorandum opinion.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. MODIFICATION OF JUDGMENT

Though not raised in appellant's brief, we note that the judgments all reflect that appellant pleaded guilty to the offenses. Based on our review of the record, appellant pleaded not guilty to all three offenses. We have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *see* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified). Accordingly, we hereby modify the judgments to state that appellant's plea was not guilty to each offense.

## V. CONCLUSION

The trial court's judgments are affirmed as modified.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of November, 2025.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

4